IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUANELL WYCKOFF,

    Plaintiff,

vs.                                                      CIV No. 03-123 JC/WDS

ST. JOSEPH HEALTHCARE SYSTEM,
a New Mexico corporation, and
BOSTON SCIENTIFIC CORP., a foreign
corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

        THIS MATTER comes before the Court on Plaintiff's Motion to Remand, filed March 20, 2003 (*Doc. 5*) and Defendant St. Joseph Healthcare's Motion to Quash Summons, filed March 31, 2003 (*Doc. 6*). Having reviewed the motions, memoranda and relevant authority, the Court finds Plaintiff's Motion to Remand well taken, and it is, therefore, granted. The Court denies Defendant St. Joseph Healthcare's Motion to Quash Summons as moot.

I.     Background

        Plaintiff Juanell Wyckoff filed this products liability action in New Mexico state court in July 2002 against Defendants St. Joseph Healthcare and Boston Scientific. In her complaint, Plaintiff seeks damages as a result of injuries she suffered during a rotational atherectomy procedure performed at St. Joseph's Hospital in Albuquerque, New Mexico. According to the complaint, Defendant St. Joseph's Healthcare is a New Mexico Corporation with its principal place of business in Bernalillo County, New Mexico, and Defendant Boston Scientific is a Delaware corporation authorized to do business in New Mexico. The complaint further states that the allegedly defective medical device was

supplied by Boston Scientific to St. Joseph's, which, in turn, sold the device to Plaintiff.

In Plaintiff's motion to remand, she asserts that this Court lacks diversity jurisdiction due to the presence of St. Joseph Healthcare.

II.     Analysis

To successfully assert fraudulent joinder, a defendant must plead with particularity and prove with precision. *Couch v. Astec Indus.,* 71 F.Supp.2d 1145, 1147 (D.N.M. 1999) (citation omitted). Moreover, a defendant's burden of proof is significant. *Id.*

> To prove their allegation of fraudulent joinder, the [removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Montano v. Allstate Indem.*, 211 F.3d 1278, at *1 (10th Cir. 2000) (unpublished table decision) (citation omitted).

In the present case, Defendant Boston Scientific asserts fraudulent joinder of St. Joseph's Healthcare based on a New Mexico Court of Appeals case holding that strict products liability cannot be imposed upon hospitals for defectively designed medical products selected by treating physicians. *Parker v. St. Vincent Hosp.,* 122 N.M. 39, 45, 919, P.2d 1104, 1110 (N.M. Ct. App. 1996). Upon review of New Mexico case law, the Court cannot find another case concerning this issue. As Plaintiff seems to suggest, the holding is narrowed to defective devices selected by treating physicians. Currently, however, there is nothing before the Court regarding the selection of the allegedly defective device at issue. The Court thus concludes that a state court is better suited to determine whether Plaintiff may state a cause of action against St. Joseph Healthcare.

Wherefore,

IT IS ORDERED that Plaintiff's Motion to Remand, filed March 20, 2003 (*Doc. 5*) is GRANTED;

IT IS FURTHER ORDERED that Defendant St. Joseph Healthcare's Motion to Quash Summons, filed March 31, 2003 (*Doc. 6*) is DENIED;

IT IS FURTHER ORDERED that this cause of action is remanded to the Second Judicial District Court in Albuquerque, New Mexico.

Dated May 6, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE